IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

SHEILA JANE WILLIAMS            CASE NO. 09-13645-WSS-13

    DEBTOR.

## DEBTOR'S RESPONSE TO MOTION TO QUASH OF ASSET ACCEPTANCE

**COMES NOW** the Debtor, Sheila Jane Williams and responds to Creditor's motion (Doc. 27) as follows:

### RELEVANT FACTS

1. Asset Acceptance filed several claims 13, 14 and 15 in Ms. Williams' case.

2. Williams has objected to each of these claims. See Docs 20, 21, and 22.

3. Asset Acceptance attached to each of its claims "affidavits" executed by one Patricia Conaton and notarized by Christina McKenrick.

4. Debtor served a non-party subpoena for the production of documents on Christina McKenrick, the notary, on November 6th 2009, seeking a copy or the record or log her notarial acts for the last five years. She is she required to keep these by the Michigan Notary Public Act.

5. Since the disputed claims originated and the alleged notarization occurred in Warren, Michigan and the Subpoena was issued out of the Eastern District of Michigan.

6. Asset Acceptance's Motion to Quash was filed, not in the Eastern District of Michigan, but in the Southern District of Alabama on December 3rd 2009, twenty-three days after service of the subpoena on the non-party.

7. Asset Acceptance does not dispute that Christina McKendrick allegedly notarized the affidavits at issue.

8. Asset Acceptance has not served a timely motion to quash or modify the subpoena that was filed with the issuing court as required by Fed.R.Civ.P. 45(c)(3)(A).

## ARGUMENT

The motion to quash of Asset Acceptance is due to be denied for several reasons. First, it was filed in the wrong court; Second, the motion was not timely; Third, the information being sought is relevant to the debtor's claim objections; and Fourth, Asset Acceptance does not have standing to object to a subpoena directed to a third party. Each of these reasons is addressed below.

## ASSET ACCEPTANCE'S MOTION WAS FILED IN THE WRONG COURT

The movant has filed its Motion to Quash in the wrong court. Fed.R.Civ.P. 45(c)(3)(A) requires a motion to quash be filed with the court issuing the subpoena. "Federal Rule of Civil Procedure 45(c)(3)(A) and (B) dictates that the issuing court is to rule on whether its subpoena should be quashed or modified." *Chick-fil-A v. ExxonMobil Corp.*, 2009 U.S. Dist. LEXIS 76431 (S.D. Fla. July 24, 2009) See also *Rivertree Landing, LLC v. Murphy,* No. 6:07-mc-104-GAP-DAB, 2007 WL 3333357, at 1 (M.D. Fla. 2007) ("[T]his Court has no jurisdiction over any subpoena not issued by this Court . . . ."); *WM High Yield v. O'Hanlon,* 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006) ("a court sitting in the district where the subpoena was issued and where responsive documents are located is the 'proper forum to rule on a motion to enforce the subpoena duces tecum'") (quoting *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind.2001));

## ASSET ACCEPTANCE'S MOTION WAS UNTIMELY

Even if the motion were filed with the proper court it is due to be denied because it was not timely. Fed.R.Civ.P. 45(c)(2)(B) requires a motion to quash be filed with the court "before the earlier of the time specified for compliance or 14 days after the subpoena is served." "A non-party waives any objections if she does not timely object to the subpoena." *In re DG Acquisition Corp.,* 151 F.3d 75, 81 (2d Cir. 1998); see also *Wang v. Hsu,* 919 F.2d 130, 131 (10th Cir. 1990); *Angell v. Shawmut Bank Conn. Nat. Ass'n,* 153 F.R.D. 585, 590 (M.D.N.C. 1994).

## THE SUBPOENA IS PROPER UNDER DISCOVERY RULES

Even if its motion were filed with the proper court and timely, it is due to be denied. "[T]he factors courts have considered in determining whether a subpoena should be modified or quashed because it presents an undue burden are the relevance of the information requested, the requesting party's need for the documents, the breadth of the document request, the time period covered by the request and the burden imposed, including the expense and inconvenience to a nonparty to whom a request is made." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Since Creditors admit that Christina McKendrick notarized the Affidavit of Account, the circumstances under which it was requested and notarized are certainly relevant as Debtors allege that the claim is fraudulent. The subpoena is not overly broad or burdensome. It seeks documents related to disputed claims and the notarization and recordkeeping procedures of Christina McKendrick.

The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any

party involved in the pending action." *Hickman v. Taylor*, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *Farnsworth v. Procter and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke*, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." Id. at 352. Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States,* 502 F.2d 506 (5th Cir. 1974).

### ASSET ACCEPTANCE DOES NOT HAVE STANDING TO OBJECT TO A SUBPOENA DIRECTED TO A THIRD-PARTY

Finally, the motion is due to be denied even if it were filed with the right court, timely, and Debtors were overreaching. The subpoena is indisputability directed to a non-party. "Generally a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). "It is the person to whom a subpoena is directed who has standing to seek a motion to quash. *Butterworth v. Jones Chemicals, Inc.,* 148 F.R.D. 282, 1993 WL 388645 (M.D. Fla.); See also *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979) (holding that a motion to quash may only be brought by the witness; the parties do not have standing to bring a motion to quash on behalf of a

4
Case 09-13645    Doc 37    Filed 12/22/09    Entered 12/22/09 17:15:41    Desc Main
Document    Page 4 of 5

witness)." *Angiolillo v. Collier County,* 2009 U.S. Dist. LEXIS 105346 (M.D. Fla. June 18, 2009)

## CONCLUSION

For the reasons stated above Creditor's motion should be denied.

       s/Earl P. Underwood, Jr.
       Earl P. Underwood, Jr. (UNDEE6591)

LAW OFFICES OF EARL P. UNDERWOOD, JR.
21 South Section Street
Fairhope, AL 36532
(251) 990-5558
epunderwood@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on December 22nd 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul K. Lavelle
Yearout, Spina & Lavelle PC
1500 Urban Center Drive Suite 450
Birmingham AL 35242

       /s/ Earl P. Underwood, Jr.
       Earl P. Underwood, Jr.