## UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| **SHEILA JANE WILLIAMS** | ) | **Case No.: 09-13645-WSS** |
| **SSN: XXX-XX-9678** | ) | |
| | ) | **Chapter 13** |
| **Debtor.** | ) | |
| | ) | |
| | ) | |

## ASSET ACCEPTANCE , LLC'S REPLY TO
## DEBTOR'S RESPONSE TO
## ASSET ACCEPTANCE, LLC'S OBJECTION AND
## MOTION TO QUASH SUBPOENA

COMES NOW, Asset Acceptance, LLC (hereinafter referred to as "Asset Acceptance") and

replies to debtor, Sheila Jane Williams' (hereinafter "debtor") Response to Asset Acceptance's

Objection and Motion to Quash Subpoena as follows:

**A.  ASSET ACCEPTANCE PROPERLY FILED ITS OBJECTION AND MOTION TO QUASH SUBPOENA IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF ALABAMA.**

Debtor asserts that Asset Acceptance filed its objection and motion to dismiss in the wrong

Court. The Court in which the debtor's objections to claim are pending certainly has jurisdiction to

consider Asset Acceptance's objection and motion. In Taylor v. Litton Medical Products, Inc., 1975

WL 166114 (D. Mass.) 19 Fed.R.Serv.2d 1190 the Court stated "Pursuant to Rule 45(b)(1), the

Court issuing the subpoena may hear the motion to quash, Beverly Hills Federal Savings and Loan

Association v. Federal Home Loan Bank Board, 234 F. Supp 698, as well as the court in which the action is pending. Lincoln Laboratories, Inc. v. Savage Labories, Inc. 27 FRD 476 (D. Del. 1961)."

## B. ASSET ACCEPTANCE'S OBJECTION AND MOTION TO QUASH ARE TIMELY FILED.

In her response to Asset Acceptance's objection and motion the debtor claims that the objection and motion are untimely filed. Pursuant to Fed.R.Civ.P. 45(c)(2)(B) an objection to the subpoena must be served before the earlier of the time specified for compliance or fourteen (14) days after the subpoena is served. Proper service must be accomplished before the fourteen (14) day period begins to run. Here, debtor elected to serve the subpoena via regular mail thus service of the subpoena was not perfected as personal service of the subpoena is required pursuant to Fed.R.Civ.P. 45(b)(1). See: Klockner Namasco Holdings Corporation v. Daily Access.Com, Inc., 211 F.R.D. 685 (N.D. Ga. 2002); In re Johnson & Johnson, 59 FRD 174, 178 USPQ 201, 17 FR Serv 2d 1419 (D.C. Del. 1073) and Smith v. Midland Brace, Inc. 162 F.R.D. 683 (D. Kan. 1995) in which the Courts stated ". . .service of a subpoena may not be accomplished by mail. FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300 (D.C. Cir. 1980). "

## C. SUBPOENA IS NOT PROPER UNDER DISCOVERY RULES

The debtor argues in her response that she is entitled to the documents and information requested in her subpoena because the circumstances under which the Affidavit of Account was requested and notarized are relevant as the debtor alleges that the claims are fraudulent. The debtor goes on to say that facts to be considered by the Court are: relevance of the information requested,

09-00182-1 pcm

the time period covered by the request, and the burden imposed including the expense and inconvenience to a nonparty to whom the request was made.

Based upon the factors cited in the debtor's response, the subpoena should be quashed. Asset Acceptance withdrew its claims from this case, and thus the subpoena is moot. Additionally, the debtor's subpoena is not relevant because the objections to claim state that the claims should be disallowed as time barred. In her response the debtor alleges fraud as the basis for discovery, but there is no mention of fraud in her objections. If fraud was the basis for her objections to claim, then the debtor should have plead fraud specifically as the circumstances constituting fraud must be stated with particularity. See: F.R. Civ. P 9(b). In light of the debtor's allegation of fraud, certainly documents and information sought from a notary and not from the affiant are not relevant.

Furthermore, a review of the subpoena reveals that the debtor seeks a broad spectrum of documents and information spanning a five (5) year period of time. Asset Acceptance has already responded to the debtor's discovery request and has provided the debtor with documents which verify the claims filed. The debtor's subpoena is not crafted in a manner to obtain relevant documents and information pertaining to the debtor's accounts but seeks corporate records of Asset Acceptance which contain account information relating to third parties. Such a broad request of documents is not relevant.

Based upon the debtor's stated basis for her objections, the debtor's subpoena seeks production of documents and information which are irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence and are overly broad as to time and subject matter.

## D. ASSET ACCEPTANCE HAS STANDING TO OBJECT TO AND FILE A MOTION TO QUASH DEBTOR'S SUBPOENA

Finally, the debtor argues that Asset Acceptance was not the party to which the subpoena was issued and therefore has no standing to bring its objection and motion. Asset Acceptance is a party to the underlying action and therefore certainly has standing to object to the subpoena. See: Sony Corp v. S.W.I. Trading, Inc., 104 F.R.D 535 (D.C.N.Y. 1985). See also: Taylor v. Litton Medical Products, Inc., 19 Fed.R.Serv.2d 1190, 1975 WL 166114 (D. Mass.).

In fact, the rule contemplates that a party may object to a subpoena. F.R.Civ.P 45(b)(1) requires that a party issuing subpoena to nonparty for production of documents during discovery must provide prior notice to all parties to the litigation to enable a party to object. See: Spencer v. Steinman, 179 FRD 484, 41 FR Serv. 3d 398 (E.D. Pa. 1998) and Fla. Media, Inc. v. World Publishing, LLC, 236 FRD 693 (M.D. Fla. 2006).

Fed.R.Civ.P. 45(c)(3)(A)(iii) provides that a subpoena shall be quashed or modified if the subpoena seeks disclosure of privileged or other protected matter. Here, the debtor's subpoena seeks production of documents and information spanning a five (5) year period of time which are the corporate records of Asset Acceptance and are irrelevant to debtor's objections to claim. Furthermore, the documents and information sought in many instances contain confidential or protected account information of third parties to which the debtor is not entitled. A subpoena, issued to an employee of a corporation, in which corporate records are sought should not be enforced. See: Smith v. Midland Brace, Inc., 162 F.R.D. 683 (D. Kan 1995) in which the Court declined to enforce a subpoena directed to an employee which sought production of corporate records.

WHEREFORE, premises considered, counsel for Asset Acceptance asks this Honorable

Court to grant its objection and motion and enter an order quashing debtor's subpoena and for such

other, different or equitable relief to which Asset Acceptance is entitled.

Respectfully submitted,

_____
Paul K. Lavelle
Attorney for Asset Acceptance, LLC

**OF COUNSEL:**
YEAROUT, SPINA & LAVELLE
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
(205) 298-1800


## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing upon the following by placing the same in the U.S. Mail, postage pre-paid, and/or via ECF e-mail on this the ___ day of **January, 2010**.

_____
Of Counsel


Earl P. Underwood, Jr.
Attorney at Law
21 South Section Street
Fairhope, AL 36532-2106

John C. McAleer, III
Chapter 13 Trustee
Post Office Box 1884
Mobile, AL 36633