UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| SHEILA JANE WILLIAMS ) | Case No.: 09-13645-WSS |
| SSN: XXX-XX-9678 ) | |
| ) | Chapter 13 |
| Debtor. ) | |

## ASSET ACCEPTANCE, LLC'S AMENDED OBJECTION AND MOTION TO QUASH DEBTOR, SHEILA JANE WILLIAMS' SUBPOENA

COMES NOW, Asset Acceptance, LLC (hereinafter referred to as "Asset Acceptance") and hereby files this its Amended Objection and Motion to Quash the debtor, Sheila Jane Williams' (hereinafter "debtor") Subpoena to Christina McKendrick for production of records of all notarial acts for the last five (5) years and says as follows:

1. On November 5, 2009 Asset Acceptance, LLC filed claims 13, 14 and 15 in the above styled Chapter 13 case.

2. On November 6, 2009 the debtor filed a subpoena for production of documents to Christina McKendrick an employee of Asset Acceptance. The subpoena was mailed to Asset Acceptance at P.O. Box 2036 Warren, Michigan 48090-2036. A copy of said subpoena is attached hereto as Exhibit "A".

3. The debtor's subpoena seeks "notarial" acts for the last five years as required pursuant to Michigan Notary Public Act.

4. On November 6, 2009, in addition to the subpoena, the debtor propounded to Asset Acceptance requests for production of documents.

5. On November 9, 2009 the debtor filed a separate objection to each of the above described claims.

6. In each of her objections, the debtor's basis for the objection was "Claim is Time Barred."

7. On November 23, 2009 Asset Acceptance responded to the debtor's discovery request and produced documents responsive to said request which verified the information contained in claims 13, 14 and 15.

8. Asset Acceptance has now withdrawn claims 13, 14 and 15.

9. Asset Acceptance objects to debtor's subpoena and moves to quash the subpoena on the following grounds:

   a. Asset Acceptance has withdrawn its claims and the subpoena is now moot.

   b. The subpoena seeks production of documents and information which are the records of Asset Acceptance. The documents and information which the debtor seeks, in some instances, contains confidential or protected account information of third parties which the debtor is not entitled to.

   c. Based upon the debtor's stated basis for her objections and Asset Acceptance production of documents clearly the debtor's subpoena seeks documents and information which are: overly broad as to time and subject matter, irrelevant, immaterial and are not reasonably calculated to lead to the discovery of admissible evidence.

   d. The subpoena was issued by the debtor in an attempt to harass Asset Acceptance.

   e. Service of the subpoena was not perfected as required by Fed.R.Civ.P. 45(b)(1).

   f. The debtor failed to service notice of the subpoena on Asset Acceptance prior to service as required by Fed.R.Civ.P. 45(b)(1).

WHEREFORE, premises considered, counsel for Asset Acceptance asks this Honorable

Court to grant Asset Acceptance's objection and motion and enter an order quashing debtor's subpoena and for such other, different or equitable relief to which Asset Acceptance is entitled.

Respectfully submitted,

/s/ Paul K. Lavelle
Paul K. Lavelle
Attorney for Asset Acceptance, LLC

**OF COUNSEL:**
YEAROUT, SPINA & LAVELLE
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
(205) 298-1800

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing the same in the U.S. Mail, postage pre-paid, and/or via ECF e-mail on this the 4 day of **January, 2010**.

/s/ Paul K. Lavelle
Of Counsel

Earl P. Underwood, Jr.
Attorney at Law
21 South Section Street
Fairhope, AL 36532-2106

John C. McAleer, III
Chapter 13 Trustee
Post Office Box 1884
Mobile, AL 36633